IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV469

| | | |
|---|---|---|
| STRATEGIC OUTSOURCING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| M.B.R. INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon Defendant's Motion to Dismiss pursuant to Rules 12 (b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff originally filed this action in Mecklenburg County Superior Court seeking relief under North Carolina's Declaratory Judgment Act. Defendant timely removed the action to this court on the basis of diversity of citizenship.

This declaratory judgment action arises out of a service agreement entered into by the parties whereby the Plaintiff agreed to furnish workers compensation insurance coverage to certain employees of the Defendant. (Compl. ¶ 6). Plaintiff contends that the agreement did not cover Defendant's independent contractors. (Compl. ¶¶ 6-7). Plaintiff alleges that Defendant obtained the services of a Mr. Vega as an independent contractor, and that Mr. Vega suffered an injury at the workplace on November 12, 2009. (Compl. ¶¶ 8-9). The Complaint alleges upon information and belief that Mr. Vega reported the injury to Plaintiff's workers' compensation carrier. (Compl. ¶ 10). Plaintiff alleges "Upon information and belief, Mr. Vega *intends* to seek workers compensation coverage for the Injury from Plaintiff." (Compl. ¶ 17) (emphasis added). Plaintiff then alleges that "*If* Mr. Vega seeks workers compensation insurance coverage from

Plaintiff, Defendant would be entitled under the Agreement to indemnity from Defendant." (Compl. ¶ 19) (emphasis added). Plaintiff seeks a determination that Mr. Vega is an independent contractor, and that it is not obligated under the Agreement to provide Mr. Vega with workers compensation coverage. Moreover, Plaintiff claims it is entitled to indemnity from Defendant for any claim from Mr. Vega against Plaintiff for workers compensation insurance.

The Defendant has moved to dismiss this action, arguing that Plaintiff has failed to state adequate grounds for a declaratory judgment under either N.C.G.S. § 1-253 or § 1-254, because there is no actual controversy. The court agrees. Although Plaintiff claims that Mr. Vega reported the injury to its workers compensation carrier, plaintiff does not allege that Mr. Vega is actively pursuing the claim or actively seeking coverage.

In *Gaston Board of Realtors, Inc. v. Harrison*, 311 N.C. 230, 316 S.E.2d 59 (1984), the North Carolina Supreme Court laid out the requirements for a valid declaratory judgment action in a contractual setting. The court held,

> Although it is not necessary that one party have an actual right of action against another to satisfy the jurisdictional requirement of an actual controversy, it is necessary that litigation appear unavoidable. Mere apprehension or the mere threat of an action or a suit is not enough. Thus, the Declaratory Judgment Act does not 'require the Court to give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when occasion might arise.'

*Gaston Board of Realtors*, 311 N.C. at 234, 316 S.E.2d at 61-62 (citations omitted).

It appears to the court that the Plaintiff herein is seeking only an advisory opinion as to its rights and obligations should a certain set of facts develop. No actual controversy has ripened between the parties. Accordingly, the Plaintiff has failed to state adequate grounds for declaratory judgment.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED.

Signed: November 16, 2010

Graham C. Mullen
United States District Judge